BINGHAM, APPELLANT, v. BINGHAM, APPELLEE.

[Cite as Bingham v. Bingham, 14 Ohio App. 2d 202.]

(No. 10447—Decided April 8, 1968.)

*Messrs. McIlwain, Rogoff & Curry,* for appellant.
*Mr. Walter MacKay,* for appellee.

SHANNON, J. This matter comes before us on appeal from the Common Pleas Court, Division of Domestic Relations, from an order changing custody of a minor child.

On December 8, 1964, a petition for divorce was filed and service of summons accomplished. On July 15, 1966, plaintiff was granted a divorce on the ground of gross neglect of duty and awarded the care, custody and control of the minor child, then of the age of approximately four years. On December 1, 1966, the defendant filed a motion for change of custody and an affidavit in support thereof. The matter was referred to a referee-examiner. On December 13, 1966, a hearing on defendant's motion to change custody was commenced, both plaintiff and defendant appearing and being represented by counsel. This hearing was recessed to a later date upon which additional testimony was taken. On February 23, 1967, the referee-examiner rendered a written opinion granting the motion for change of custody. On March 7, 1967, a motion for re-

hearing of the motion for change of custody was filed on behalf of plaintiff. On March 13, 1967, the court placed of record its entry granting the change of custody in harmony with the decision of the referee-examiner. On May 31, 1967, plaintiff filed a motion to change custody of the minor child. On June 27, 1967, the court granted plaintiff's motion for rehearing of defendant's motion for change of custody. On July 3, 1967, defendant filed a motion to dismiss plaintiff's motion for rehearing and to strike the entry of June 27, 1967, granting such motion for rehearing from the record. On November 14, 1967, the court by entry granted "plaintiff's oral motion for review," affirmed the order of the referee-examiner changing custody of the minor child from plaintiff to defendant, and struck from the record the entry of June 27, 1967, granting a rehearing of defendant's motion for change of custody. Thereafter, this appeal was filed.

Briefly stated, the facts upon which this rather confused situation is based are as follows: The parties separated in 1964 and, thereafter, at all times lived apart. Prior to the divorce, the plaintiff was openly associating with a man whom she subsequently married in March 1967. During the period of separation and the months immediately following the divorce, the plaintiff was employed and worked on a shift lasting from 3 p. m. to 11 p. m. It is undisputed that during that period of time the man with whom she was keeping company visited her apartment almost daily, going and coming in the early hours of the morning and on occasion remaining there all night. Sexual contact is denied.

The minor child remained with a maternal aunt usually from 6 a. m. to the evening of each day when he would be taken by the defendant to his home to sleep. The plaintiff visited the child intermittently during each week at the home of the aunt and sometimes removed him to her own apartment for short periods.

A hearing before the referee-examiner produced testimony from which he ultimately concluded that the plaintiff kept late hours, had a male friend as a frequent visitor

under circumstances which made her an unfit parent, that the placement of the child was not suitable and proper and that she, therefore, was an unfit custodian.

Although the defendant, appellee here, raises the question whether this court has jurisdiction to entertain this appeal upon the state of the docket and journal entries, we conclude that this matter is properly before us as an appeal from the order of November 14, 1967, affirming the change of custody. We view the plaintiff's motion for rehearing of March 7, 1967, as constituting objections to the conclusions of the referee-examiner expressed by him on February 23, 1967, although, admittedly, the motion was premature in that no entry of the court changing custody was made until March 13, 1967. By the admission, before us, of counsel for the plaintiff, appellant herein, her motion for change of custody filed May 31, 1967, has become moot.

A reading of the transcript of testimony adduced before the referee-examiner convinces us that his conclusions, later affirmed by the court, are well founded. Plaintiff's actions in openly consorting with a man while still a married woman, permitting him to frequent her apartment in the small hours of the morning and sleep therein on occasion, merit the judgment that she thereby rendered herself unfit to be the custodian of a child of tender years.

This court, as it is obvious the court below did, has uppermost in its mind the welfare of the minor child. The facts before us fully support the conclusion that such welfare is best preserved by placement of the child in the home of the father.

Consequently, the judgment of the court below changing the custody is affirmed.

*Judgment affirmed.*

Long, P. J., and Hildebrant, J., concur.